**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MANUEL MARTEZE WILDER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** <br> **5:20-cv-00143-TES** |
| **WAYNE SHELDON FISHER, JR.,** *et al.,* | |
| *Defendants.* | |

## ORDER DENYING WILDER'S MOTION FOR RECONSIDERATION

The Court dismissed Wilder's false imprisonment, false arrest, and malicious prosecution claims against all Defendants, and Wilder's punitive damages claim against Warner Robins. [Doc. 21]. Wilder filed this Motion for Reconsideration [Doc. 24], citing "certain errors of legal reasoning" in the Court's order. [Doc. 24, p. 2]. For the reasons set forth below, Wilder's Motion for Reconsideration is **DENIED**.[1]

First, Wilder complains that the Court dismissed all of his claims, even those that the Defendants did not include in their motions. [Doc. 24, p. 7]. Specifically, Wilder states that his "42 U.S.C. § 1981, battery, and other claims" should not have been dismissed. [*Id.*]. But, Wilder is so obviously wrong, his baseless argument borders on frivolous. The Court's Order was exceptionally clear that only Wilder's false

---

[1] As a threshold matter, at no point does Wilder challenge the Court's dismissal of his false imprisonment or punitive damages (against Warner Robins) claims. *See generally* [Doc. 24]. Accordingly, the Court will not reconsider those claims. *See* [Doc. 21, pp. 8–9].

imprisonment, false arrest, malicious prosecution, and punitive damages (against Warner Robins) claims were dismissed. The Court said as much in the conclusion of its Order:

> The Court **GRANTS** Defendants Hulie and Nu-Way's Motion to Dismiss [Doc. 8] and the Law Enforcement Defendants' Motion to Dismiss [Doc. 9] as to Plaintiff's false imprisonment, false arrest, and malicious prosecution claims.  The Court **GRANTS** Defendant Warner Robins Motion to Dismiss [Doc. 9] as to Plaintiff's punitive damages claims against it.

[Doc. 21, p. 15]. True, when the Court granted the Motion to Dismiss, the Clerk erroneously entered judgment in favor of the Defendants, even though some of Wilder's claims remained viable. [Doc. 22]. But the Clerk quickly corrected his error on the docket:

| 09/28/2020 | 21 | **ORDER** granting 8 Motion to Dismiss(); granting 9 Motion to Dismiss for Failure to State a Claim. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 9/28/2020. (chc) (Entered: 09/28/2020) |
|---|---|---|
| 09/30/2020 | 22 | **\*\*\*ENTERED IN ERROR - CLAIMS STILL PENDING \*\*\*JUDGMENT** (tam) Modified to add docket text on 9/30/2020 (tam). (Entered: 09/30/2020) |

Clearly, the Court did not dismiss all of Wilder's claims then and it has not now. Only the claims listed in the conclusion of the Court's Order were dismissed; the rest remain. *See* [Doc. 21].

Next, Wilder argues the Court erred by not inferring that Wilder had an inquiry before a committing court when it dismissed his malicious prosecution claim. [Doc. 24, pp. 3–6]. "For purposes of [a malicious prosecution claim], the prosecution must be 'carried on,' which requires 'an inquiry before a committing court.'" *Standard v. Falstad*,

779 S.E.2d 682, 685 (Ga. Ct. App. 2015) (citations omitted). Did Wilder allege in his Complaint that he was taken before a magistrate after he was in custody? No. Did he cite to any legal authority to show that an inquiry before a committing court is not required? No. Instead, Wilder asks the Court to acknowledge that "a jail is not like a hotel where one can just check in and stay for a while. Something was going on." [*Id.* at p. 4]. But, does Wilder allege specifically what "was going on"? No. It is not this Court's job to guess and infer what was going on—it is Wilder's job as plaintiff to tell this Court, in a well-drafted complaint, what was going on if he expects to survive a well-grounded motion to dismiss.

Wilder goes on to say that the Court is supposed to "give[] the Plaintiff the benefit of the doubt about his incarceration." [*Id.* at p. 6]. But that is not the standard. The Court only uses two steps when it rules on a motion to dismiss. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). Step one: discard conclusory allegations. *Id*. Step two: take the complaint's *remaining* factual allegations as true and consider whether those factual allegations give rise to a claim. *Id*. This framework affords Wilder a very lenient "benefit of the doubt" in that the Court must accept all of his alleged factual allegations as true. But for Wilder to avail himself of this benefit, he must at least allege some minimal facts involving crucial issues. The Court cannot accept facts as true if they're simply missing from a complaint.

On that same note, Wilder also argues that some of the facts he needs to state a claim can be found in the Defendants' Answer. [Doc. 24, p. 3]. There, says Wilder, the Defendants admit that Wilder is being prosecuted. [*Id.* (citing Doc. 10)]. But when ruling on a motion to dismiss, the Court must consider "whether [the] *complaint* states a claim." *McCullough*, 907 F.3d at 1333 (emphasis added). Even so, the Defendants' admission to a legal conclusion in their Answer does not turn it into a fact entitled to the presumption of truth at the motion-to-dismiss phase. As the Court explained in its Order dismissing Wilder's Complaint, he does not include any nonconclusory factual allegations in his Complaint that, taken as true, show he was prosecuted. [Doc. 21, pp. 10–11]. Therefore, the Court stands by its dismissal of Wilder's malicious prosecution claim.

Further, Wilder argues that the Court's dismissal of his false arrest claim was improper because Wilder properly pled lack of probable cause. [Doc. 24, pp. 6–7]. Lack of probable cause is a required element of a false arrest claim. *See* O.C.G.A. § 51-7-1; *Desmond v. Troncalli Mitsubishi*, 532 S.E.2d 463, 467 (Ga. Ct. App. 2000). Wilder argues that his Complaint satisfies this element. [Doc. 24, p. 6 (citing [Doc. 1, ¶¶ 99, 100 ("The prosecution of Plaintiff has been commenced and continued with malice.") ("There has been throughout a want of probable cause.")]]. These allegations are not good enough. "A plaintiff must plead more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *McCullough*, 907 F.3d at 1333 (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555). Because Wilder's Complaint "fails to provide the facts from which one could draw such a conclusion," the Court stands by its finding that Wilder did not properly plead lack of probable cause. *Id.* at 1334.

Finally, Wilder also asks the Court to consider and directly address his *Younger v. Harris*, 401 U.S. 37 (1971) argument. [Doc. 24, p. 7 (arguing that "at worst" Wilder's false arrest claim should be stayed instead of dismissed)]. "*Younger* abstention is the doctrine that federal courts should abstain from interfering with *ongoing* state criminal prosecutions." *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1316 n. 9 (11th Cir. 2005) (emphasis added). Wilder admits that the "prosecution" "has gone nowhere" in the more than two years since the April 2018 incident. [Doc. 1, ¶ 98]. Again, accepting the facts in Wilder's Complaint as true, the Court finds that these circumstances do not amount to an "ongoing" prosecution. *See Lewis v. Stewart*, No. 5:18-cv-00110-TES, 2018 WL 6046832, at *3 (M.D. Ga. Nov. 11, 2018) ("Although the parties agree that charges against Plaintiff are 'pending,' the state has not taken any steps to prosecute Plaintiff in the more than two-and-a-half years since the arrest and the State Defendants provided no evidence that the state is actually preparing to prosecute Plaintiff. Accordingly, the Court concludes that there are no 'ongoing' state proceedings against Plaintiff that would justify abstention."). Therefore, since there are no "ongoing state proceedings" from which the Court should abstain, the *Younger* abstention doctrine simply does not apply. And, since *Younger* doesn't require the Court

to stay the case while ongoing criminal proceedings carry on, the Court did not err when it dismissed Wilder's false arrest and malicious prosecution claims.

## CONCLUSION

The Court **DENIES** Wilder's Motion for Reconsideration [Doc. 24].

**SO ORDERED**, this 10th day of November, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**